BEATRICE NATIONAL BANK AND TRUST COMPANY, A NATIONAL
BANKING CORPORATION, APPELLEE, V. SOUTHEAST NEBRASKA
COOPERATIVE CO., A NEBRASKA CORPORATION, APPELLANT.

432 N.W.2d 842

Filed December 23, 1988.   No. 87-081.

Robert C. Guenzel, of Crosby, Guenzel, Davis, Kessner &
Kuester, for appellant.

James G. Sharp, of Everson, Wullschleger, Sutter, Sharp,
Korslund & Willet, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN,
GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

This is an appeal from a declaratory judgment entered by the
Gage County District Court. Plaintiff-appellee, Beatrice
National Bank and Trust Company (Bank), filed a petition for a
declaratory judgment against defendant-appellant, Southeast
Nebraska Cooperative Co. (Co-op). In its petition, the Bank
prayed for a judgment fixing the rights of the parties to the
proceeds of the sale of certain livestock owned by John D. and
Robert D. Claassen, doing business as Claassen's Linc-Side
Farms (Claassens). The Bank claims an interest in these
proceeds pursuant to a perfected security interest in the
livestock. The Co-op, in its answer, alleged that it had an
interest in the proceeds pursuant to a purchase money security
interest in certain feed sold by the Co-op to the Claassens and
allegedly fed to the livestock.

Trial was held before the Gage County District Court. The
court entered judgment for the Bank. The Co-op timely

appealed to this court, alleging that the trial court erred "in its failure to allow the purchase money security interest of Appellant Cooperative to follow its feed into the product of the dairy herd, milk, and the product of the pig operation, hogs sold." We affirm.

The record shows that sometime in 1979 the Bank arranged to provide farm financing to the Claassens. Pursuant to this arrangement, the Claassens executed a security agreement and financing statement on March 22, 1979. The collateral was described as "[a]ll equipment, and trators [sic], all farm products including but not limited to crops, livestock, supplies used or produced in farming operations, contract rights and accounts, now owned or after acquired." This financing statement was filed with the Gage County clerk on March 27, 1979.

On April 6, 1981, the Claassens executed and delivered to the Bank an installment note for $355,000. On November 16, 1983, the effective period of the 1979 financing statement was extended by the filing of a continuation statement. In 1986, the Claassens executed two additional notes, totaling over $59,000.

Between June 7 and December 28, 1985, the Co-op sold, on account, animal feed and related products to the Claassen farm operation. These products had an approximate value of $20,000. The Co-op took as security a purchase money interest in these products and their proceeds. Between June 27, 1985, and January 3, 1986, six financing statements were filed with the Gage County clerk as notice of Co-op's purchase money interest.

Sometime in 1986, the Claassens failed to make payments on the obligations to both the Bank and the Co-op. Pursuant to the security agreement the Bank had with the Claassens, the Linc-Side Farms' swine and dairy herds were liquidated. The proceeds of these sales totaled $21,601.51.

On May 12, 1986, the Bank filed this action seeking an order determining the rights of the Bank and the Co-op to these proceeds. In a judgment entered on December 31, 1986, the Gage County District Court found that the Co-op had failed to prove that the feed it had provided to the Claassens had been fed to the livestock sold. The district court also held that the

Bank's security interest was prior to any interest claimed by the Co-op.

A suit for declaratory judgment is an action sui generis and may involve questions of both law and equity. *Hemenway v. MFA Life Ins. Co.*, 211 Neb. 193, 318 N.W.2d 70 (1982). In an appeal from a declaratory judgment, the Supreme Court, regarding questions of law, has an obligation to reach its conclusion independent from the conclusion reached by the trial court. *County of York v. Johnson, ante* p. 403, 432 N.W.2d 215 (1988); *Cornhusker Christian Ch. Home v. Dept. of Soc. Servs.*, 227 Neb. 94, 416 N.W.2d 551 (1987). Determinations of factual issues in a declaratory judgment action will not be disturbed on appeal unless they are clearly wrong. Neb. Rev. Stat. § 25-21,157 (Reissue 1985); *Havelock Bank v. Western Surety Co.*, 217 Neb. 560, 352 N.W.2d 855 (1984).

The Co-op claims a perfected purchase money security interest in the proceeds pursuant to Neb. U.C.C. § 9-315 (Reissue 1980) and contends that where two security interests, such as those held by the Bank and by the Co-op, apply to products that are commingled, § 9-315(2) applies and the holders of such security interests share proportionally in the proceeds. We do not reach this issue.

The burden of establishing a fact means the burden of persuading the trier of fact that the existence of the fact is more probable than its nonexistence. *First Nat. Bank & Trust Co. v. Cutright*, 189 Neb. 805, 205 N.W.2d 542 (1973), construing Neb. U.C.C. § 1-201(8) (Reissue 1980).

The record does not show that the livestock sold were fed any of the feed provided to the Claassens by the Co-op. Since the Co-op's claim of an interest in the proceeds of the livestock sold rests on the premise that the feed was eaten by the animals and thus became "incorporated" in them, and the Co-op has not adduced evidence to prove that fact, the Co-op's claim fails.

The finding of the trial court that the Co-op failed to prove that the feed it sold to the Claassens had been fed to the livestock sold is supported by the record. The trial court's decision is affirmed.

AFFIRMED.